UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAKIA PRICE,  **DEMAND FOR JURY TRIAL**
    Plaintiff,

v.

ARC MANAGEMENT GROUP, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, NAKIA PRICE, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Detroit, Wayne County, Michigan.

5. The Defendant to this lawsuit is Arc Management Group, LLC, which is a Georgia company that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is incorrectly reporting a discharged debt as an open collection item on Plaintiff's Equifax credit file ("the alleged Debt").

7. On or about September 30, 2015, Ms. Price filed for Chapter 7 Bankruptcy.

8. She received a discharge order on or about January 5, 2016.

9. On or about October 23, 2017, Ms. Price obtained her Equifax credit file and noticed Defendant reporting the alleged Debt as discharged in bankruptcy with a status of open.

10. A debt cannot be discharged in bankruptcy and open as a collection item simultaneously.

11. Defendant is reporting credit information which it knows to be false, in violation of the FDCPA.

12. Ms. Price has suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Ms. Price is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant violated this provision of the FDCPA by reporting a discharged debt as an open collection item on Plaintiff's credit report.

18. Ms. Price has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

### COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.
20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
21. Ms. Price is a debtor as that term is defined in M.C.L. § 339.901(f).
22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:
    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.
23. Ms. Price has suffered damages as a result of these violations of the Michigan Occupational Code.
24. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Ms. Price is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Ms. Price has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                Respectfully submitted,

Dated: November 30, 2017    /s/ Gary Nitzkin
                                      GARY D. NITZKIN P41155
                                      CARL SCHWARTZ P70335
                                      MARK LINTON P66503
                                      CREDIT REPAIR LAWYERS OF AMERICA
                                      Attorneys for Plaintiff
                                      22142 West Nine Mile Road
                                      Southfield, MI 48033
                                      (248) 353-2882
                                      Fax (248) 353-4840
                                      Email – gary@crlam.com